UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| SHAWN LAFOLLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-250 RWS |
| ) | |
| JEFFERSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the review of plaintiff's complaint pursuant to 28 U.S.C.§ 1915(e). Plaintiff, an inmate at St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Because plaintiff's claims lack specificity, the Court will order plaintiff to amend his claims on a form complaint for filing prisoner complaints. Plaintiff will be allowed twenty-one (21) days to do so. Failure to amend his complaint in a timely manner will result in a dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff claims he was exposed to "visible toxic black mold" while incarcerated at the Jefferson County Jail located in Hillsboro, Missouri, a time period consisting of "about 8 months." He states that since that time he has experienced "labored breathing." Plaintiff asks that he be allowed to be examined by a "qualified doctor."

Plaintiff brings this action against the following defendants: Jefferson County Jail; Jefferson County Sheriff; Jefferson County Jail Maintenance Staff; Jefferson County Jail Medical Staff; Jefferson County Health Inspector; and Jefferson County Jail Warden.

## Discussion

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, as written, he has failed to state a claim upon which relief may be granted.

Plaintiff's claim against the Jefferson County Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or

subdivisions of local government are "not juridical entities suable as such."). Additionally, his claims against the county employees are also frivolous, as he has not alleged that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In drafting his amended complaint, plaintiff should be cognizant that he must adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety.[1] "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Plaintiff must prepare the amended complaint using a Court-provided form and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual

---

[1] For example, plaintiff must take care to articulate exactly how a particular defendant purportedly denied him medical care on a specific date or time. To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[2] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order. Plaintiff is advised that his failure to comply with this Order will result of the dismissal of this action, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank form complaint for the filing of a prisoner civil rights complaint.

Dated this 20th day of February, 2020.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.